UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| BRUCE DICKSTEIN, | |
| Plaintiff, | |
| v. | Case No. 22-1360 |
| ANTHONY D. MALZONE, | |
| Defendant. | |

ORDER

This case is before the Court on Defendant's Motion to Disqualify Robbins DiMonte, Ltd. as Counsel for Plaintiff (#33) and Motion for Discovery Relating to the Motion to Disqualify (#36). Plaintiff filed Responses (#35, #36) in opposition. For the reasons provided below, Defendant's Motion to Disqualify Robbins DiMonte, Ltd. as Counsel for Plaintiff (#33) and Motion for Discovery Relating to the Motion to Disqualify (#36) are DENIED.

I.   Background

Plaintiff and Defendant are each 50% owners of the Dickstein & Malzone Partnership ("Partnership"). Plaintiff's federal Complaint seeks dissolution of the Partnership. Defendant's Motion seeks to disqualify Plaintiff's counsel, Robbins DiMonte, Ltd. ("Robbins"), from representing Plaintiff in this case. Defendant argues that Robbins has a conflict of interest arising from state court proceedings in which Robbins represents two tenants of the partnership against one of its partners.

Robbins represented tenants Kimberlee Mainord and Karl Sanor in seeking orders of protection against Defendant Malzone. In the state court case seeking orders of protection, the tenants alleged that Defendant Malzone engaged in harassment, threats, and verbal abuse to extract rental money.

Defendant argues that Robbins' representation of the tenants in the state court action conflicts with his representation of Dickstein in this federal case. Defendant notes that the tenants are making allegations of wrongdoing against Defendant, who was acting on behalf of the Partnership. Defendant also notes that the Partnership can be held liable to the tenants if the tenants file claims for damages based on Defendant's alleged actions. It is this risk of liability that Defendant relies on in alleging a conflict of interest.

## II.     Analysis

Central District of Illinois Local Rule 83.6(E) provides, "The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Illinois." Rule 1.7 of the Illinois Rules of Professional Conduct provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> > (1) the representation of one client will be directly adverse to another client; or
> >
> > (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

Ill. R. Prof. Cond. 1.7(a).

The district court "possesses broad discretion in determining whether disqualification is required in a particular case." *Whiting Corp. v. White Machinery Corp.*, 567 F.2d 713, 715 (7th Cir. 1977). The Seventh Circuit explained,

> We have observed that granting a motion for disqualification has immediate, severe, and often irreparable ... consequences for the party and disqualified attorney. Disqualifying a lawyer immediately deprives the losing party from the representation of his choice" and disrupts the litigation. In sum, disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should

hesitate to impose except when absolutely necessary ... because it destroys a relationship by depriving a party of representation of their own choosing.

*Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (internal citations omitted).

Here, the Court must determine whether Robbins' representation of the tenants creates a conflict of interest with its representation of Dickstein in the instant case.[1] Defendant argues that a conflict exists because Robbins is representing a member of the partnership, Dickstein, in one lawsuit, and representing a tenant suing the other member of the partnership at the same time. Robbins' involvement with the tenants' state court proceedings was limited thus far to the tenants' orders of protection against Malzone. As it stands, Dickstein has no material interest in the state court proceedings.

The Court recognizes that while no conflict currently exists, the potential for a conflict to arise exists. If the tenants choose to seek financial remedies in state court, any damages awarded could impact the Partnership. However, at this stage, "[a]lthough the court recognizes the potential for a conflict under Rule 1.7, it cannot conclude as a matter of law that such a conflict exists at this time." *Walton v. Diamond*, 2012 WL 6587723, at *2 (N.D. Ill. Dec. 14, 2012). Because any conflict is only theoretical at this time, the Court denies Defendant's request to disqualify Robbins from this case.

For these reasons, Defendant's Motion to Disqualify (#33) is denied. In addition, Defendant's Motion for Discovery (#36) is denied. As the case proceeds, "the court expects full candor from defendant[] if and when such a conflict materializes." *Walton v. Diamond*, 2012 WL 6587723, at *3 (N.D. Ill. Dec. 14, 2012).

ENTERED this 19th day of December, 2023.

                                                    s/ERIC I. LONG
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant made this same request to disqualify Robbins in the state court proceedings initiated by Tenant Sanor. The circuit court found there was no basis to disqualify Robbins and denied the request.